# In the United States Court of Federal Claims

No. 19-1151C

(Filed: August 27, 2019)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **WALTER ALLEN,** | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) ) |
| Defendant. | ) ) |

Walter Allen, *pro se*, Brooklyn, New York.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Plaintiff Walter Allen has brought suit in this court alleging violations of access to public services. Mr. Allen alleges multiple instances of discrimination by employees of the New York City Metropolitan Transportation Authority ("MTA") due to his sex, national origin, and appearance. Compl. at 1. According to Mr. Allen, MTA employees have discriminated against him on multiple occasions, most recently on August 6, 2019. As compensation, Mr. Allen seeks either "four hundred [and] fifty thousand zillion" dollars, Compl. Ex. 2 at 1, or "two hundred thousand zillion" dollars, Compl. Ex. 3 at 1. Mr. Allen also wants certain unnamed MTA employees terminated and the grant of unlimited bus rides, presumably without paying the requisite fare. Compl. at 3.

Because this court lacks subject-matter jurisdiction, Mr. Allen's claims are DISMISSED.

**BACKGROUND**

Mr. Allen's complaint arises due to multiple interactions with MTA employees. According to Mr. Allen, on August 6, 2019, he approached an MTA bus that was near a bus stop and idling at a red light. Compl. at 1. The doors of the bus were closed, so Mr. Allen tapped on the window to get the driver's attention. Compl. at 1. The driver, a "white male with black sunglasses," looked at Mr. Allen and shook his head, indicating that he would not open the doors. Compl. at 1. But immediately afterwards, Mr. Allen alleges that a "black female" also

tapped on the bus doors, and the driver permitted the woman to board the bus. Compl. at 1. Mr. Allen does not specify if he was permitted to board the bus after the woman.

Mr. Allen claims that the August 6, 2019 incident is part of a pattern of discriminatory practices by the MTA against him due to his appearance and national origin. Compl. at 1, 2. Mr. Allen states his appearance as a "6 [foot] 225 [pound]" "black" male with a "groomed" appearance who regularly wears "athletic and leisure clothes." Compl. at 2. Mr. Allen alleges that he had "similar complaint incident" on September 4, 2018 and on May 26, 2019, when he was denied access to "use [a] public bathroom . . . and MTA [] threaten[ed] to call [the police]." Compl. at 1; Compl. Ex. 1 at 1.

Due to the September 4, 2018 incident, Mr. Allen submitted a complaint to the MTA. Compl. Ex. 1 at 1. MTA conducted a phone interview with Mr. Allen on September 12, 2018 and ultimately concluded that Mr. Allen "failed to provide sufficient information to establish a []  violation." Compl. Ex. 1 at 1. Mr. Allen replied on September 22, 2018, stating that he "disagreed" with the MTA's conclusion. Compl. Ex. 1 at 3. The MTA sent a final letter on September 27, 2018, stating that this first letter was sent in error, but that Mr. Allen still had "failed to provide any information to support [his] allegation(s) that [his] race and/or national origin played a part in the alleged conduct of the bus operator." Compl. Ex. 1 at 2. Mr. Allen filed his complaint with this court on August 8, 2019.

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

Mr. Allen, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[1] "Subject matter

---

[1] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of*

jurisdiction is an inquiry that this court *must* raise *sua sponte*." *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004) (emphasis added). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* Rule 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC") ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

As an initial matter, Mr. Allen fails to provide a "short and plain statement of the grounds for the court's jurisdiction." *Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018) (citing RCFC 8(a)), *aff'd*, No. 2019-1230 (Fed. Cir. May 1, 2019) (*per curiam*). In the section for jurisdiction, Mr. Allen lists the details of his claim, which are continued on the next page. *See* Compl. at 1, 2. He does not provide any federal statutes or money-mandating constitutional violations that would provide the court with jurisdiction. *See* Compl. at 1, 2. Mr. Allen's complaint is unavailing on this basis alone.

More importantly, this court lacks subject-matter jurisdiction over Mr. Allen's complaint. This court can only hear claims against the United States. *See Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (finding the Court of Federal Claims lacks jurisdiction "over any claims alleged against states, localities, state and local government entities, or state and local government entities and employees."). Mr. Allen's complaint, however, only alleges claims against the MTA, a New York state agency. *See, e.g., id.*; *see also* Compl. at 1, 2. As a result, this court cannot exercise jurisdiction over any of Mr. Allen's claims and must dismiss his complaint.

## CONCLUSION

For the reasons stated, Mr. Allen's complaint shall be DISMISSED without prejudice. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Senior Judge

---

*Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.").